IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JULIAN ROMERO,

    Plaintiff,

v.                                                    Civ. No. 17-724 MV/KK

STATE OF NEW MEXICO *et al.*,

    Defendants.

## **ORDER DENYING MOTION TO SEAL WITHOUT PREJUDICE**

THIS MATTER is before the Court on the NMCD Defendants' Motion to File Motion for Judgment on the Pleadings/for Summary Judgment Under Seal (Doc. 84) ("Motion to Seal"), filed March 19, 2019. The Court, having reviewed the motion, the record, and the relevant law, and being otherwise fully advised, FINDS that the Motion to Seal is not well-taken and should be DENIED WITHOUT PREJUDICE.

In their Motion to Seal, the NMCD Defendants ask the Court to allow them to file under seal their First Motion for Judgment on the Pleadings or Summary Judgment and Memorandum in Support Thereof (Doc. 83) ("Summary Judgment Motion"). "Courts have long recognized a common-law right of access to judicial records." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). "Although this right is not absolute, there is a strong presumption in favor of public access . . . particularly . . . where the district court use[s] the sealed documents to determine litigants' substantive legal rights." *United States v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013) (citations and quotation marks omitted).

> [T]he presumption in favor of access to judicial records may be overcome where countervailing interests heavily outweigh the public interests in access. The burden is on the party seeking to restrict access to show some significant interest that outweighs the presumption.

*Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (citations and quotation marks omitted).

"[T]he district court, in exercising its discretion, must weigh the interests of the public, which are presumptively paramount, against those advanced by the parties." *Pickard*, 733 F.3d at 1302 (quotation marks omitted). "Whether a trial court exercises sound discretion will be based on the facts and circumstances of the individual case and the weighing of the parties' interests." *Riker v. Fed. Bureau of Prisons*, 315 F. App'x 752, 755 (10th Cir. 2009).[1] The district court must also "consider whether selectively redacting just the . . . sensitive, and previously undisclosed, information from the sealed . . . documents and then unsealing the rest" would adequately protect the privacy interests of the party seeking to seal court documents. *Pickard*, 733 F.3d at 1304. The fact that information has "already been made public" will undermine a party's privacy concerns. *Id.* at 1305 (citing *Mann*, 477 F.3d at 1149).

Although some portions of the NMCD Defendants' Summary Judgment Motion appear to rely upon and include confidential materials, other portions do not. For example, the Summary Judgment Motion relies upon and includes excerpts from Plaintiff's testimony at a criminal trial held in February and April 2018, (Docs. 83-1, 83-5); and, the full transcripts of this testimony are publicly available. *See United States v. DeLeon et al.*, Cr. No. 15-4268-JB (D.N.M.) (Docs. 2059, filed Apr. 4. 2018), (Doc. 2236, filed May 9, 2018). As such, the NMCD Defendants have failed to demonstrate a significant interest in keeping their entire Summary Judgment Motion confidential. The Court will therefore deny the NMCD Defendants' motion to file their entire Summary Judgment Motion under seal.

---

[1] In the Tenth Circuit, unpublished decisions are not binding precedent but may be cited for their persuasive value. *United States v. Austin*, 426 F.3d 1266, 1274 (10th Cir. 2005).

However, because the Summary Judgment Motion does appear to rely upon and include some materials and information that may be sensitive or confidential, the Court will deny the Motion to Seal without prejudice to the NMCD Defendants' ability to file an amended motion to seal, in which they may seek the Court's leave to file a redacted version of the Summary Judgment Motion that is accessible to the public and an unredacted version under seal. Should the NMCD Defendants elect to proceed in this manner, they should be mindful of the strong presumption in favor of public access to judicial records and should only seek to redact information or materials if they can demonstrate a significant interest in keeping the information or materials in question confidential.

IT IS THEREFORE ORDERED that the NMCD Defendants' Motion to File Motion for Judgment on the Pleadings/for Summary Judgment Under Seal (Doc. 84) is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that, if the NMCD Defendants file an amended motion to seal within fourteen (14) days of entry of this Order, their First Motion for Judgment on the Pleadings or Summary Judgment and Memorandum in Support Thereof (Doc. 83) shall remain under seal pending the Court's resolution of the amended motion to seal. If the NMCD Defendants do not file an amended motion to seal within fourteen (14) days of entry of this Order, the Court will enter an order unsealing the NMCD Defendants' First Motion for Judgment on the Pleadings or Summary Judgment and Memorandum in Support Thereof.

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE